*Ouellette v. Ameridial, Inc.*
5:16-cv-02144-SL

**PLAINTIFF'S PRE-DISCOVERY MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. §216(b)**

# EXHIBIT 2

Plaintiff's Proposed Notice of Right to Join Lawsuit and Consent Form

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **SANDRA OUELLETTE**, individually, and on behalf of others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>**AMERIDIAL, INC.,** an Ohio corporation,<br><br>            Defendant. | Case No. 5:16cv2144<br><br>**NOTICE OF RIGHT TO JOIN LAWSUIT** |

TO: ALL CURRENT AND FORMER HOURLY CUSTOMER SERVICE REPRESENTATIVES WHO WORKED FOR AMERIDIAL, INC. IN ANY OF ITS BRICK-AND-MORTAR CALL CENTERS IN THE UNITED STATES AT ANY TIME DURING THE LAST THREE YEARS

RE: FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST AMERIDIAL, INC.

1. INTRODUCTION

    This Notice is to inform you about a lawsuit in which you might be able to make a claim for damages under the federal Fair Labor Standards Act, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, if you so choose.

2. DESCRIPTION OF THE LAWSUIT

    On August 26, 2016, Ms. Sandra Ouellette, on behalf of herself and others similarly-situated, filed a lawsuit in the U.S. District Court for the Northern District of Ohio against Ameridial, Inc. ("Ameridial"). The lawsuit alleges that Ameridial violated the federal Fair Labor Standards Act ("FLSA") by allegedly failing to pay its hourly call center customer service representatives all wages owed, including the federally mandated minimum wage and/or overtime compensation, for all work performed. Plaintiff alleges that she, and others similarly-situated, are entitled to recover all unpaid wages for such work performed after August 26, 2013. Plaintiff also seeks an additional equal amount as liquidated damages, as well as attorneys' fees and costs. This litigation is currently in the early pretrial stage.

    Ameridial denies Plaintiff's allegations that it violated the FLSA or failed to properly pay its employees for wages including overtime compensation, and has further denied

Plaintiff's allegations that it is liable to Plaintiff under any circumstances.

3. <u>PERSONS ELIGIBLE TO RECEIVE THIS NOTICE</u>

The United States District Court for the Northern District of Ohio has authorized this Notice to be distributed to:

> **All current and former hourly customer service representatives who worked for Ameridial, Inc. in any of its brick-and-mortar call centers in the United States at any time during the last three years**

4. <u>YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT</u>

If you meet the description in paragraph number three (3) above, and if you believe that Ameridial failed to compensate you for pre- and/or post-shift time you spent working (including time you spent starting-up, logging in to or logging out of, the computer programs, software programs, and applications utilized by Ameridial) and thereby failed to pay you appropriate compensation to which you may be entitled, you may have the right to make a FLSA claim against Ameridial in this lawsuit to recover unpaid compensation, liquidated damages, costs, and attorneys' fees for Plaintiff's counsel's services in this lawsuit. It is entirely your own decision whether to join this lawsuit.

5. <u>EFFECT OF JOINING THIS LAWSUIT</u>

If you choose to join this lawsuit, you will be bound by any judgment on any claim you may have under the FLSA, whether favorable or unfavorable. That means that, if you win, you may be eligible to share in the monetary award; if you lose, no money will be awarded, and you will not be able to file another lawsuit regarding the matters raised in the lawsuit.

While this lawsuit is proceeding, you may be required to respond under oath to written questions, to have your deposition taken, to produce documents, and/or to testify in court at a trial or hearing in the United States federal courthouse in Akron, Ohio.

6. <u>EFFECT OF NOT JOINING THIS LAWSUIT</u>

If you choose not to join this lawsuit, you will not be affected or bound by any judgment, favorable or unfavorable, on any of the claims brought under the FLSA that are alleged in this lawsuit; in other words, if you do not file a Consent to Join form, you will not receive any back overtime wages or other relief granted under this lawsuit if Plaintiff prevails on her FLSA claims.

If you choose not to join this lawsuit, you retain all rights, if any, that you may have

under the FLSA and are free to file your own lawsuit or complaint with the U.S. Department of Labor; however, recovery for any alleged FLSA claim you may have would be obtainable by you only if you file your own lawsuit or Department of Labor complaint within the time provided by law, and you actually prevail on your claims.

7. YOUR LEGAL REPRESENTATION IF YOU JOIN

The attorneys for Plaintiff and the proposed opt-in Collective are the law firms of Sommers Schwartz, P.C., JTB Law Group, L.L.C. and Barkan Meizlish Handelman Goodin Derose Wentz, LLP. The lead attorneys' contact information is:

| | |
|---|---|
| Jesse L. Young | Jason T. Brown |
| Kevin J. Stoops | Nicholas Conlon |
| Sommers Schwartz, PC | JTB Law Group, L.L.C. |
| One Towne Square, Suite 1700 | 155 2nd Street, Suite 4 |
| Southfield, Michigan 48076 | Jersey City, NJ 07302 |
| Tel: (248) 355-0300 | Tel: (877) 561-0000 |

If you choose to join the lawsuit, the law firms listed above will be representing you unless you obtain another attorney. You will not be required to pay any attorneys' fees or court costs to the Plaintiff's lawyers at this time and not pay any attorneys' fees unless you prevail. Rather, in the event the Plaintiff prevails in the lawsuit, either by judgment or settlement, the Plaintiff's attorneys will be requesting that the Court order Ameridial to pay the Plaintiff's lawyers their reasonable attorneys' fees and reimburse them for any expenses. The Court must approve any fees received by the Plaintiff's lawyers.

You also have the option to retain an attorney of your own choice.

8. HOW DO I JOIN THIS LAWSUIT?

If you wish to join this lawsuit, you must complete, sign and mail the enclosed Consent to Join form in the enclosed stamped envelope to:

Veronica Stewart
Sommers Schwartz, PC
One Towne Square, Suite 1700
Southfield, Michigan 48076
Fax: (248) 746-4593
E-mail: FLSA@sommerspc.com

Your signed Consent to Join form must be postmarked by _____, **2016** for you to be eligible to participate in this lawsuit.

If you wish to join this lawsuit, return the signed Consent to Join form as soon as possible, but no later than _____**, 2016**, to preserve any legal right you may have to participate in this lawsuit. Until the Consent to Join form is filed with the Court, the

statute of limitations ordinarily continues to run, and you will not be entitled to receive compensation for the days during which you delay sending in your Consent to Join form.

If you file a Consent to Join form, your continued right to participate in this lawsuit may depend upon a later decision by the Court that you and the Plaintiff are similarly situated. If the Court finds that you and the Plaintiff are not similarly situated, you may re-file your own FLSA lawsuit within the time provided by law.

9. <u>DEADLINE</u>

Your completed Consent to Join form must be postmarked by _____, **2016** in order to be eligible to participate in the lawsuit. If you have already submitted a Consent to Join form, you do not need to submit another one at this time.

10. <u>NO OPINION EXPRESSED AS TO MERITS OF LAWSUIT</u>

This Notice is for the sole purpose of providing current and former Ameridial employees with information concerning their potential right to join this lawsuit.

Although this Notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiff's claims or Ameridial's defenses, and there is no assurance that the Court will grant any relief to the Plaintiff.

11. <u>NO RETALIATION PERMITTED</u>

The FLSA prohibits employers, such as Ameridial, from discriminating or retaliating against or taking adverse actions against any person for filing a lawsuit, claim or complaint for compensation, assisting or testifying in a lawsuit under the FLSA, or otherwise participating in a proceeding or exercising their rights under the FLSA.

12. <u>FURTHER INFORMATION</u>

For further information about this lawsuit, you may contact Plaintiff's counsel by mail at the addresses indicated above in paragraph 7, by telephone at **(248) 355-0300**, or by e-mail at FLSA@sommerspc.com.

**PLEASE DO NOT ATTEMPT TO CONTACT
THE COURT REGARDING THIS LAWSUIT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **SANDRA OUELLETTE**, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>**AMERIDIAL, INC.,** an Ohio corporation,<br><br>        Defendant. | Case No. 5:16cv2144<br><br>**CONSENT<br>TO JOIN LAWSUIT** |

I state that I worked on an hourly basis as an hourly call center customer service representative for Ameridial, Inc. ("Ameridial") at some point during the past three years, and during part of that time was required by Ameridial to perform work for which I was not compensated and/or was required to work in excess of 40 hours per week without receiving overtime compensation for the same. I hereby consent to sue Ameridial for damages including unpaid minimum wage and overtime premiums under the federal Fair Labor Standards Act, 29 U.S.C. § 216(b). I hereby designate Sommers Schwartz, P.C., JTB Law Group, L.L.C. and Barkan Meizlish Handelman Goodin Derose Wentz, LLP to represent me in this action.

(*Please print legibly*)

Dated: _____

Signed: _____

Name (Print): _____

Address: _____

City, ST, Zip Code: _____

Telephone No(s).: _____

E-mail: _____

You may mail, fax, or e-mail your completed materials to:

Veronica L. Stewart | Sommers Schwartz, P.C.
1 Towne Square, 17th Floor | Southfield, MI  48076
Fax (248) 936-2147 | FLSA@sommerspc.com

To be effective, your materials must be postmarked by _____**, 2016**.