**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SANDRA OUELLETTE,** *et al.,* | |
| Plaintiffs, | CASE NO. 5:16-cv-02144 |
| vs. | JUDGE LIOI |
| **AMERIDIAL, INC.,** | MAGISTRATE JUDGE LIMBERT |
| Defendant. | |

## DEFENDANT, AMERIDIAL, INC.'S, MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PRE-DISCOVERY MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. §216(b)

Defendant, Ameridial, Inc. ("Ameridial"), by and through the undersigned counsel, files this Memorandum in Opposition to Plaintiff, Sandra Ouellette's ("Ouellette"), Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b).  For the reasons that follow, Ameridial asks the Court to deny Ouellette's motion.  In the alternative, if the Court grants Ouellette's motion, Ameridial requests that the Court limit the statute of limitations to two years and make certain changes to the Notice that will be sent to opt-in plaintiffs.

/s/ Scott M. Zurakowski
Scott M. Zurakowski (0069040),
David E. Butz (0039363), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
szurakowski@kwgd.com; dbutz@kwgd.com
ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................ii

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF THE ISSUES................................................................................ 2

III.    STATEMENT OF FACTS ....................................................................................... 3

IV.     LAW AND ARGUMENT ....................................................................................... 5

    A.  Ouellette has the burden of making a factual showing that the proposed class is "similarly situated." .................................................................................... 5

    B.  There is no evidence of a widespread discriminatory plan maintained by Ameridial. ......................................................................................................... 7

    C.  Ouellette failed to make a modest factual showing by identifying potential plaintiffs and submitting their declarations.................................................... 11

    D.  The Court should disregard and not consider at this stage of the proceedings Ouellette's Exhibit 8 – U.S. Department of Labor Fact Sheet #64................................ 13

    E.  A two-year statute of limitations should apply to Ouellette's alleged FLSA violation. ......................................................................................................... 14

    F.  Ouellette's proposed "Notice of Right to Join Lawsuit" should be modified to include certain information, the opt-in period should be shortened, and the information requested of potential class members limited. ............................ 15

        1.  The proposed Notice lacks certain pertinent information and the opt-in period should be limited to 45 days. ......................................................15

        2.  The scope of Ouellette's requested discovery is overbroad.......................................16

V.      CONCLUSION................................................................................................... 17

CERTIFICATE OF SERVICE ................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ahmed v. T.J. Maxx Corp.*,
    E.D.N.Y. No. 10-CV-3609 (ADS)(ETB), 2013 WL 2649544 (June 8, 2013) ........................9

*Armstrong v. Weichert Realtors*,
    D.N.J. No. 05-3120 (JAG), 2006 WL 1455781 (May 19, 2006)......................................10, 11

*Arrington v. Mich. Bell Tel. Co.*,
    E.D.Mich. No. 10-10975, 2011 WL 3319691 (Aug. 1, 2011)..................................................6

*Baden-Winterwood v. Life Time Fit*ness,
    S.D.Ohio No. 2:06-CV-99, 2006 WL 2225825 (Aug. 2, 2006) ........................................15, 16

*Comer v. Wal-Mart Stores, Inc.*,
    454 F.3d 544 (6th Cir.2006) ...................................................................................................5

*Dietrich v. Liberty Square, L.L.C.*
    230 F.R.D. 574 (N.D.Iowa 2005) .........................................................................................16

*Farrow v. Ammari of Louisiana, Ltd.*,
    E.D.La. No. 15-7148, 2016 WL 3020901 (May 26, 2016).....................................................13

*Gaffers v. Sitel Worldwide Corp.*,
    M.D.Tenn. No. 3-16-0128, 2016 WL 313772 (June 6, 2016) ..........................................12, 13

*Gayle v. United States*,
    85 Fed.Cl. 72 (2008) ..............................................................................................................9

*Gjuroviceh v. Emmanuel's Marketplace*,
    282 F.Supp.2d 101 (S.D.N.Y.2003)......................................................................................16

*H & R Block, Ltd. v. Housden*,
    186 F.R.D. 399 (E.D.Tex.1999)............................................................................................13

*Heaps v. Safelite Solutions, LLC*,
    S.D.Ohio No. 2:10 CV 729, 2011 WL 1325207 (Apr. 5, 2011)........................................15, 16

*Herma v. Palo Grp. Foster Home, Inc.*,
    183 F.3d 468 (6th Cir.1999) .................................................................................................14

*Hoffman-La Roche Inc. v. Sperling*,
    493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)............................................................5

*Holt v. Rite Aid Corp.*,
   333 F.Supp.2d 1265 (M.D.Ala.2004) ................................................................5

*Lemmon v. Harry & David Operations, Inc.*,
   S.D.Ohio No. 2:15-cv-779, 2016 WL 234854 (Jan. 20, 2016)...........................16, 17

*Lentz v. Spanky's Restaurant II, Inc.*,
   491 F.Supp.2d 663 (N.D.Tex.2007) .................................................................13

*McLaughlin v. Richland Shoe Co.*,
   486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)...............................14, 15

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir.2010)................................................................................5

*O'Brien v. Ed Donnelly Enters., Inc.*,
   575 F.3d 567 (6th Cir.2009) ..............................................................................6

*Olivo v. GMAC Mortg. Corp.*,
   374 F.Supp.2d 545 (E.D.Mich.2004)...................................................................6

*Ponce v. Tim's Time, Inc.*,
   N.D.Ill. No. 03 C 6123, 2004 WL 1921038 (July 8, 2004) ...................................16

*Swigart v. Fifth Third Bank*,
   276 F.R.D. 210 (S.D.Ohio 2011) .......................................................................14

*Wade v. Werner Trucking Co.*,
   S.D.Ohio No. 2:10-CV-00270, 2012 WL 5378311 (Oct. 31, 2012).........................8

*Waggoner v. U.S. Bancorp.*,
   110 F.Supp.3d 759 (N.D.Ohio 2015)......................................................5, 6, 7, 14

**Statutes**

29 U.S.C. § 201 .....................................................................................................10

29 U.S.C. §216(b) ............................................................................................1, 3, 5

29 U.S.C. § 255(a) .................................................................................................14

**Other Authorities**

Fed.R.Civ.P. 23 .......................................................................................................3

## I.    <u>INTRODUCTION</u>

Ouellette formerly worked at Ameridial as a customer service representative ("CSR") at its call center location in Fort Kent, Maine, from approximately August 2014 through March 2015. [Complaint, Doc# 1, PageID# 6]  Ouellette seeks conditional certification of a class consisting of "[a]ll current and former hourly customer service representatives who worked for Defendant in any of its brick-and-mortar call centers in the United States at any time during the last three years." [*Id.*, PageID# 9]  Ouellette's motion should be denied for the following reasons because she cannot make a modest factual showing that she is "similarly situated" to the other employees that she is seeking to notify.

• First, there is no evidence of a widespread discriminatory plan maintained by Ameridial.

• Second, potential plaintiffs were not identified.

• Third, affidavits of potential plaintiffs were not submitted.

• Fourth, the Court should not consider Ouellette's Exhibit 8 attached to her motion, at this stage in the proceedings, because it goes to the merits of the case.

Under the meager evidence set forth by Ouellette in support of her motion and the applicable Fair Labor Standards Act ("FLSA") collective action jurisprudence, no basis exists for the certification of a conditional collective class.  For these reasons, Ameridial asks the Court to deny Ouellette's motion.

However, if the Court grants Ouellette's motion, Ameridial requests that the Court modify the proposed "Notice of Right to Join Lawsuit" as follows:

• Reduce the statute of limitations for the alleged FLSA violation from three years to two years because Ouellette failed to make any factual allegations to support her claim that Ameridial "willfully" violated the FLSA.

• Include information in the "Notice of Right to Join Lawsuit" that the opt-in plaintiffs could be liable for the payment of Ameridial's costs if Ameridial prevails in the lawsuit.

• Reduce the opt-in period from 60 to 45 days.

• Limit Ouellette's requested discovery by excluding job descriptions and phone numbers for the potential plaintiffs.

## II.  <u>STATEMENT OF THE ISSUES</u>

In addressing Ouellette's motion, the Court must consider the following four issues:

First, a court may conditionally certify an FLSA collective action where the employees of the proposed class are "similarly situated."  Here, Ouellette's motion in support of her request for conditional collective certification does not (1) identify evidence of a widespread discriminatory plan maintained by Ameridial; (2) identify other potential plaintiffs; or (3) include declarations of other potential plaintiffs.  In light of this lack of even a modest factual showing that Ouellette is similarly situated to the other employees she is seeking to notify, this Court should deny her motion for conditional collective certification.

Second, in addressing a motion for conditional collective certification, courts do not consider the merits of the claims, resolve factual disputes, or evaluate credibility.  Ouellette attached Exhibit 8 to her motion and Labor Fact Sheet #64 from the Department of Labor, in order to support her claim of an alleged FLSA violation.  This Court should disregard this exhibit, at this stage of the proceedings, because it goes to the merits of Ouellette's FLSA claim.

Third, generally a two-year statute of limitations applies to FLSA claims unless the violation was "willful," which results in a three-year statute of limitations.  Here, Ouellette alleges that Ameridial acted willfully when it did not pay her overtime pay, but provides no factual basis to support her claim of Ameridial's willful conduct.  Because Ouellette failed to allege any facts demonstrating "willful" conduct on Ameridial's behalf, this Court should find the two-year statute of limitations applicable.

Fourth, if this Court grants Ouellette's motion for conditional collective certification, courts may assist collective actions by authorizing notice of the suit to potential plaintiffs.  Ouellette asks that Ameridial provide a list identifying all potential class members so she can issue a "Notice of Right to Join Lawsuit."  The information Ouellette requests regarding potential class members is overly broad and burdensome because in addition to basic employee information, it also requests job titles and telephone numbers.  The proposed Notice also fails to advise the class members that they may be liable for Ameridial's costs associated with the lawsuit if Ameridial prevails.  Finally, the proposed opt-in period of 60 days is too long.  If the Court grants Ouellette's motion for conditional collective certification, the Court should limit Ouellette's discovery of certain information, include information about the financial impact on plaintiffs if Ameridial prevails, and shorten the opt-in period.

## III.    STATEMENT OF FACTS

Ameridial, located in North Canton, Ohio, is a call center outsourcing company that provides call center services.  [Complaint, Doc. ID# 1, Page ID# 2-3, ¶ 2]  It employs both "brick-and-mortar" and home-based customer service representatives.  [*Id*., Page ID# 2 ¶ 3]  Ameridial operates ten "brick-and-mortar" call centers in Ohio, Illinois, Main, and North Carolina.  [*Id*., ¶ 4]  Ouellette filed her Collective/Class Action Complaint under 29 U.S.C. § 216(b) and Fed.R.Civ.P. 23 on behalf of "[a]ll current and former hourly customer service

representatives who worked for [Ameridial] in any of its brick-and-mortar call centers in the United States at any time during the last three years." [*Id.*, Page ID# 9, ¶ 44]

Ouellette worked as a CSR for Ameridial, on an hourly basis, at Ameridial's Fort Kent, Maine brick-and-mortar location. [*Id.*, Page ID# 5, ¶ 18] Ouellette alleges Ameridial violated the FLSA, the Maine Minimum Wage and Overtime Law, the Maine Employment Practice Act, and common law. [*Id.*, Page ID# 1, ¶ 1] Ouellette also alleges that Ameridial does not compensate the brick-and-mortar CSRs for all work performed and instead, only pays its CSRs for the time they are on the telephone and available to accept calls. [*Id.*, ¶ 6] Ouellette claims this results in the CSRs not being paid for all time worked and for all of their overtime. [*Id.*, Page ID# 2, ¶ 6]

Specifically, Ouellette alleges that CSRs are not paid for the start-up/log-in process, which ranges generally from 10 to 15 minutes per day, with the possibility of up to 30 minutes per day, and the log-out process which ranges from 3 to 5 minutes per day. [*Id.*, Page ID# 3-4, ¶ ¶ 11, 13] Instead, CSRs clock-in for their shifts after the start-up/log-in process is completed and clock-out prior to logging out of the computer. [*Id.*, ¶ ¶ 12, 14] Between the start-up/log-in process and the log-out process, Ouellette alleges Ameridial failed to pay her an amount equal to at least 13 to 20 minutes of compensable time per shift. [*Id.*, Page ID#4, ¶ 15]

Ouellette further alleges that during her employment at Ameridial, she ordinarily worked 40 or more hours per week. [*Id.*, Page ID# 8, ¶ 36] Thus, with her "off-the-clock pre-shift and post-shift time of 13 to 20 minutes per shift, Plaintiff [claims] she should have been paid an additional 65 to 100 minutes per workweek [and she] is entitled to overtime wages within a range of 65 to 100 minutes." [*Id.*]

Ouellette asks the Court to certify a conditional collective class and give them notice so they can decide whether to opt-in to this lawsuit.

## IV.    LAW AND ARGUMENT

The touchstone for conditional certification is judicial efficiency.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).  A court should not rubber-stamp conditional certification but instead, must determine whether a class of "similarly situated" aggrieved employees exist.  *Id.*  Absent a finding that the proposed class is "similarly situated," "it is doubtful that [FLSA] § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse."  *Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1270 (M.D.Ala.2004).

### A.    **Ouellette has the burden of making a factual showing that the proposed class is "similarly situated."**

The Sixth Circuit uses "a two-step procedure for determining whether an FLSA case should proceed as a collective action."  (Citations omitted.)  *Waggoner v. U.S. Bancorp.*, 110 F.Supp.3d 759, 764 (N.D.Ohio 2015).  "The first [step] takes place at the beginning of discovery.  The second occurs after all of the opt-in forms have been received and discovery has concluded."  *Id.*, citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir.2006).  Plaintiff bears the burden of showing that the employees are "similarly situated" during the first step of the proceedings.  *Id.*, citing *Comer* at 546.

The standard at the notice stage is fairly lenient and only requires the plaintiff to "make a modest factual showing" that she is similarly situated to the other employees she is seeking to notify.  *Comer* at 546-47.  Plaintiff's burden of demonstrating that others are "similarly situated" must be based on some substance and not mere "unsupported assertions."  *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir.2010).  At this preliminary stage, the

district court "does not generally consider the merits of the claim, resolve factual disputes, or evaluate credibility." *Waggoner* at 765, citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D.Ohio 2011). "[A]lthough [the] standard is lenient, conclusory allegations are insufficient to support conditional certification." *Arrington v. Mich. Bell Tel. Co.*, E.D.Mich. No. 10-10975, 2011 WL 3319691, at *4 (Aug. 1, 2011).

  A plaintiff is "similarly situated" with the proposed collective class "when they together were 'victims of a common policy or plan that violated the law.' " *See Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545, 548 (E.D.Mich.2004). "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir.2009). "[P]laintiffs may also 'meet the similarly situated requirement if they can demonstrate, at a minimum, that 'their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.' " *Waggoner* at 765, citing *O'Brien* at 585. The factors that guide a court's consideration of conditional certification during the first step of the proceedings include: "(1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether there is evidence of a 'widespread' discriminatory plan affecting those plaintiffs, which was maintained by defendants." (Citations omitted.) *Id*.

  At the second step of the proceedings, "courts have discretion to make a thorough finding regarding the 'similarly situated' requirement, based upon a more fully developed record." *Id*., citing *Comer* at 547. "[A] court is more inclined to consider '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to

defendant which appear to be individual to each plaintiffs, [and] (3) fairness and procedural consideration * * * ' " *Id.*, citing *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D.Tenn.2006) (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir.2001)).  After this more rigorous and fact-intensive analysis, if the Court determines the plaintiffs are similarly situated, the district court allows the matter to proceed to trial.  *Id.*, citing *Douglas v. GE Energy Reuter Stokes*, N.D.Ohio No. 1:07CV077, 2007 WL 1341779, at *4 (Apr. 30, 2007).  However, if the plaintiffs are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  *Id.*

Presently, Ameridial's memorandum in opposition will focus on the factors that guide a court's consideration of conditional certification.  Under this analysis, Ouellette's proposed class should not be conditionally certified because there is not some evidence that (1) the putative class members were subject to a common and allegedly unlawful policy or practice, and (2) any claimed FLSA violations resulting from that common policy or practice can be established through common proof.

B.     **There is no evidence of a widespread discriminatory plan maintained by Ameridial.**

For several reasons, Ouellette fails to make even a modest factual showing that Ameridial maintains a widespread discriminatory plan.  First, Ouellette's proposed conditional collective class includes all brick-and-mortar call centers in Ohio, Illinois, Maine, and North Carolina.  [*See* Complaint, Doc. ID# 1, Page ID# 9, ¶ 44.]  However, based on Ouellette's motion and the evidence submitted in support of her motion, it is unknown whether all of the CSRs at the call centers focus exclusively on the service area of "Healthcare Call Center Solutions."  Based on her proposed class description, Ouellette assumes that they do, but she provides the Court with no factual basis for her alleged knowledge.

In her Complaint, Ouellette identifies the states where brick-and-mortar call centers are located:  Ohio Illinois, Maine, and North Carolina.  [*Id.*, Page ID# 2, ¶ 4.]  Ouellette further alleges that "[r]egardless of which brick-and-mortar location they are located at, Defendant's customer service representatives perform the same basic job duties and are required to use the same computer programs, software programs, servers, and applications."  [*Id.*, Page ID# 3, ¶ 8.]

In contradiction of these allegations in her Complaint, Ouellette explains in her motion that Ameridial has expanded into the service areas of " 'Commercial Sales & Service,' 'Higher Education,' and 'Not-for-Profit Services.' "  [*See* Motion, Doc ID# 15, Page ID# 100.] Ouellette also indicates that "[m]any of these CSRs performed the same duties as Plaintiff" and "all CSRs employed at Ameridial's 'healthcare call centers help with inbound services (member and customer service support, billing, customer inquiries and claims status, as well as comprehensive after hours support.' "  (Emphasis sic.)  [*Id.*, Page ID# 101.]

Ouellette next points to Exhibit 7 attached to her motion, which is a copy of Ameridial's "Career Opportunities" Web Page.  [*See* Doc. ID# 15-8, Page ID# 159.]  The job postings all involve "handl[ing] inbound customer service calls from members and [healthcare] providers[,]" with the North Canton location "handl[ing] customer service calls for a large nutraceutical client."  Because the CSRs appear to provide different services the assertions in Ouellette's Complaint and motion are confusing and uncertain.  It is unclear whether all CSRs at all ten call centers are subject to a company-wide policy that she asserts violates the FLSA.

Numerous courts have recognized the probative value of company job descriptions in considering whether employees are "similarly situated for the purpose of conditional certification."  *Wade v. Werner Trucking Co.*, S.D.Ohio No. 2:10-CV-00270, 2012

WL 5378311, at *4 (Oct. 31, 2012).   However, the job descriptions submitted by Ouellette provide little assistance because the job postings include information for work-at-home positions, which are excluded from Ouellette's proposed conditional collective class.  [*See* Doc. ID# 15-8, Page ID# 165-166.]

It is unclear whether all of Ameridial's call centers handle the "Healthcare Call Center Solutions" services and if not, whether the same policy applies to CSRs who handle other types of call center services.   Ouellette indicated in her motion that CSRs handle a variety of services, not limited to healthcare call services.   [Motion, Doc. ID# 15, Page ID# 100-101] Importantly, Ouellette also makes no mention of the types of calls handled by the Illinois call centers.

Finally, Ouellette concedes in her declaration that it is merely her "*understanding that Ameridial imposes the same compensation practices with respect to customer service representatives at its Maine and other locations, and fails to compensate its customer service representatives at each location for the off-the-clock work described above.*"  (Emphasis added.) [Declaration of Sanra (sic) Ouellette, Doc. ID# 15-2, Page ID# 125, ¶ 17]  Ouellette did not identify the source on which she bases her "understanding" and submitted no further documentary evidence, including declarations from CSRs at other call centers, to confirm her "understanding."    In fact, the evidence submitted by Ouellette is even weaker than in the following cases where the courts declined to certify a conditional collective class.  *See Ahmed v. T.J. Maxx Corp.*, E.D.N.Y. No. 10-CV-3609 (ADS)(ETB), 2013 WL 2649544, at *13  (June 8, 2013) (evidence from stores located in only two states insufficient to support nationwide certification); *Gayle v. United States*, 85 Fed.Cl. 72, 78-79 (2008) (no evidence of company-wide

policy where plaintiff only provided evidence of experience of himself and two coworkers at same facility.)

Second, Ouellette's FLSA claim is based on Ameridial's alleged failure to pay her overtime for time worked in excess of 40 hours per week.  Ouellette alleges in her Complaint that she "ordinarily worked 40 or more hours per workweek" but "Defendant did not pay her 'off-the-clock' time."  [Complaint, Doc. ID# 1, Page ID# 8, ¶ 36]    As to the proposed class members, Ouellette merely alleges that "the putative class typically worked 40 hours or more in a workweek."  [*Id.*, Page ID# 9, ¶ 42]   Ouellette submitted no documentary evidence substantiating this allegation such as declarations from other CSRs indicating that they regularly worked in excess of 40 hours per week and that Ameridial imposed on them the same alleged company-wide policy that Ouellette challenges in her Complaint.  This is critical because in order to state an FLSA claim, plaintiff must show that he or she worked more than 40 hours per week and did not receive overtime pay. (*See* 29 U.S.C. § 201.)

In *Armstrong v. Weichert Realtors*, D.N.J. No. 05-3120 (JAG), 2006 WL 1455781 (May 19, 2006), the district court reached the same conclusion where plaintiff submitted only his own declaration in support of a request for class certification.  The court explained:

> Armstrong makes vague, general statements about "all Loan Officers employed by Weichert Realtors," but does not define who he is referring to and how he has knowledge of them.  * * * This Court cannot determine, from this declaration, whether Armstrong actually knew other particular officers who were required to perform unpaid overtime work, and what he knew specifically about their unpaid work.  Conspicuously absent from the declaration is any specific statement about even one particular loan officer known to Armstrong as having been required to perform unpaid overtime work.  Plaintiff thus offers no evidence that other loan officers were required to perform unpaid overtime work.

* * *

> Armstrong provides no factual foundation for his statement that all other loan officers were required to work unpaid overtime. This Court has no factual basis to infer that there are loan officers in other offices subject to such requirements.
>
> * * *
>
> Armstrong provides no factual foundation for his statement that Weichert Human Resources policies mandated that loan officers not be paid overtime. This appears to be a conclusory allegation; in the absence of any supporting factual assertions, it does not allow this Court to infer the existence of a company policy that would be expected to result in a class of similarly situated loan officers.
>
> At best, Armstrong's declaration provides a factual basis for inferring that one loan officer – Armstrong – in one office was required to work unpaid overtime. It does not provide a basis to infer that a class of similarly situated loan officers exists.

*Id*. at * *1-2.

The *Armstrong* court found plaintiff's declaration insufficient to constitute a modest factual showing and denied his request for conditional class certification. *Id*. at *1.

Here, as in *Armstrong*, Ouellette provides no factual foundation for her statement that all other CSRs were required to work unpaid overtime. Thus, as in *Armstrong*, this Court should conclude there is no factual basis to infer that there are CSRs in other offices subject to Ouellette's claim of unpaid overtime. Ouellette's allegations and evidence simply do not demonstrate a modest factual showing that all of its brick-and-mortar call center CSRs in the last three years have been subject to the company-wide policy that Ouellette complains about in her Complaint.

C.     **Ouellette failed to make a modest factual showing by identifying potential plaintiffs and submitting their declarations.**

The second and third factors a court should consider in deciding whether to grant conditional class certification concern the identification of potential plaintiffs and submission of

their declarations.  Here, Ouellette's request for class certification identifies potential plaintiffs as "current and former hourly customer service representatives who worked for Defendant in any of its brick-and-mortar call centers in the United States at any time during the last three years." [Complaint, Doc. ID# 1, Page ID# 9, ¶ 44]  Ouellette claims this comprises several thousand members.  [*Id*., ¶ 49]  Despite the numerous alleged potential plaintiffs, Ouellette fails to identify by name or submit a declaration of a potential plaintiff interested in opting into the class.

Most recently in *Gaffers v. Sitel Worldwide Corp.*, M.D.Tenn. No. 3-16-0128, 2016 WL 313772 (June 6, 2016), the court addressed allegations identical to those raised by Ouellette herein (*i.e.* plaintiff was not paid for pre- and post-shift activities of logging on and shutting down their computers.)  *Id*. at *2.  In support of his motion to conditionally certify a collective action, plaintiff submitted only his own declaration.  *Id*. at *1.  The court ultimately found that plaintiff failed to satisfy the lenient standard for conditional certification because plaintiff must do more than simply state that defendant failed to pay for the alleged overtime.  *Id*. at *3.  In reaching this conclusion, the court specifically addressed plaintiff's failure to identify potential plaintiffs and submit their declarations:

> Plaintiff's Declaration * * * states that Defendants regularly failed and refused to pay him for certain work.  He does not state whether he submitted this time and it was changed, whether Defendants specifically instructed him not to record such time, or exactly how he was required to *not* follow Defendant's written policies.  As noted above, he alleges that "[p]ursuant to Defendants' compensation policies," he and other HBCCAs were not paid for certain time, but he does not say what those compensation policies are.  *Plaintiff has not offered any Declaration by any other employee.*
>
> Finally, Plaintiff has not shown that he has personal knowledge of the other HBCCAs, how they record their time, why, whether, or in what manner they were required to work off-the-clock, or what specific policies or practices required other HBCCAs to not be paid for all work time.

(Emphasis added.) *Id.*

Other courts have also declined to grant conditional certification of a collective class where plaintiff fails to identify and obtain declarations from other potential plaintiffs. *See Farrow v. Ammari of Louisiana, Ltd.*, E.D.La. No. 15-7148, 2016 WL 3020901, at *3 (May 26, 2016) (court denied conditional certification of collective action because plaintiff "failed to identify any other potential plaintiffs, failed to obtain affidavits from any potential plaintiffs, and failed to provide evidentiary support for the existence of a widespread plan or policy); *Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp.2d 663, 669 (N.D.Tex.2007) (court denied notice to potential class members because plaintiff failed to identify potential plaintiffs other than one additional person who filed notice with the court); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399 (E.D.Tex.1999) (court denied motion for approval of notice of pending action and right to participate because plaintiffs failed to identify potential plaintiffs, submit affidavits of potential plaintiffs, or submit any other evidentiary evidence that might show that a widespread plan of discrimination exited.)

Because Ouellette has not identified other potential plaintiffs and submitted their declarations in support of her motion, she failed to satisfy the lenient standard that courts apply to determine whether a collective class should be conditionally certified.

D.  **The Court should disregard and not consider at this stage of the proceedings Ouellette's Exhibit 8 – U.S. Department of Labor Fact Sheet #64.**

In support of her motion, Ouellette submits Fact Sheet #64 from the U.S. Department of Labor that addresses call centers under the FLSA. Ouellette relies on Fact Sheet #64 to support her claim that Ameridial violated the FLSA. (*See* Motion, Doc. ID# 15, Page ID# 102].) The Court should not consider this evidence because it goes to the merits of the case, which are not to be considered at this stage of the proceedings. This Court explained in

*Waggoner*, 110 F.Supp.3d at 765 that "[d]uring the preliminary stage, a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility."  The Court also cited *Swigart*, 276 F.R.D. at 214, wherein the court held that "[a]t the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." (Citations omitted.)

Further, Ouellette cannot object to this argument as she dedicates Section III(B)(6) of her motion to the basic proposition that courts in the Sixth Circuit do not evaluate the merits of the claims or individualized allegations or defenses.  [Motion, Doc. ID#15, Page ID# 114-115]  For these reasons, because Exhibit 8 goes to the merits of Ouellette's FLSA claim, the Court should not consider it for purposes of the motion for conditional collective certification.

E.      **A two-year statute of limitations should apply to Ouellette's alleged FLSA violation.**

Ouellette asks the Court to apply a three-year statute of limitations to Ameridial's alleged FLSA violation.   Generally, FLSA claims are governed by a two-year statute of limitations.  (*See* 29 U.S.C. § 255(a).)  However, a three-year statute of limitations applies where the violation was "willful."   *Id*.  To establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).  The Sixth Circuit has found an employer's violation willful where the employer " 'had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA.' "  *Herma v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir.1999) (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir.1991)) (citing *Brock v. Superior Care, Inc.*, 840 F.2d

1054, 1062 (2d Cir.1988)).  A willful violation requires that the employer acted recklessly, not merely unreasonably.  *McLaughlin*, 486 U.S. at 135 n. 13.

Here, in her Complaint, Ouellette alleges that Ameridial willfully violated the FLSA, but does not allege any facts that would substantiate even a preliminary finding of "willfulness" such that the three-year statute of limitations should apply.  Due to this lack of a factual basis establishing willfulness, Ameridial requests that if a conditional collective class is certified by the Court, that the applicable statute of limitations be limited to two years rather than three.

F.      **Ouellette's proposed "Notice of Right to Join Lawsuit" should be modified to include certain information, the opt-in period should be shortened, and the information requested of potential class members limited.**

1.      The proposed Notice lacks certain pertinent information and the opt-in period should be limited to 45 days.

Exhibit 2 attached to Ouellette's motion is a draft "Notice of Right to Join Lawsuit" that Ouellette proposes to send to class members if the Court grants conditional certification.  Absent from the Notice's language is any mention of what happens if Ameridial succeeds in defending this lawsuit.  In *Heaps v. Safelite Solutions, LLC*, S.D.Ohio No. 2:10 CV 729, 2011 WL 1325207 (Apr. 5, 2011), the court required such information to be added to a proposed Notice.  *Id*. at *8.

Specifically, the *Heaps* court noted that the proposed notice did not state that potential plaintiffs could be held liable for payment of Safelite's costs associated with the lawsuit if Safelite prevails.  *Id*.  The court found this information necessary for potential plaintiffs to make an informed decision about whether to opt-in as a plaintiff.  *Id*.  The court also explained that numerous courts have required such information be included in FLSA collective action notices.  *See*, *e.g. Baden-Winterwood v. Life Time Fit*ness, S.D.Ohio No. 2:06-CV-99, 2006 WL

2225825, at *1 (Aug. 2, 2006); *Dietrich v. Liberty Square*, *L.L.C.*, 230 F.R.D. 574, 580 (N.D.Iowa 2005); *Ponce v. Tim's Time, Inc.*, N.D.Ill. No. 03 C 6123, 2004 WL 1921038, at *3 (July 8, 2004); *Gjuroviceh v. Emmanuel's Marketplace*, 282 F.Supp.2d 101, 107 (S.D.N.Y.2003).  If the Court certifies this matter as a collective class, Ameridial asks that the "Notice of Right to Join Lawsuit" include a statement that the opt-in plaintiffs could be liable for the payment of Ameridial's costs if Ameridial prevails.

Also, although Ouellette's proposed Notice does not identify a time period for plaintiffs to opt-in to the conditionally certified class, her motion suggests a 60-day opt-in period. (*See* Motion, Doc. ID# 15, Page ID# 117-118]  In the *Heaps* decision, the court rejected a 60-day opt-in period and instead found that a 45-day opt-in period "satisfies the need to prevent delay in this litigation while also allowing potential plaintiffs time to fully consider their options." *Heaps* at *9.  The *Heaps* court reached the same conclusion in *Baden-Winterwood*, 2006 WL 2225825, at *3.  Ameridial requests that the opt-in period be reduced to 45 days to allow potential plaintiffs to return their consent forms to opt-in to this action.

### 2.   The scope of Ouellette's requested discovery is overbroad.

Ouellette requests that Ameridial produce the following information, for the past three years, for potential class members:  "names, last known addresses, dates and locations of employment, job titles, telephone numbers, and e-mail addresses."  [Plaintiff's Pre-Discovery Motion, Doc. ID# 14, Page ID# 89]  In *Lemmon v. Harry & David Operations, Inc.*, S.D.Ohio No. 2:15-cv-779, 2016 WL 234854 (Jan. 20, 2016), the court declined to order disclosure of job titles and telephone numbers because this information provides no benefit to the notice process. *Id*. at *6.  "Such information has no relation to the identification of and/or ability to contact putative class members."  *Id*.  For these same reasons, Ameridial asks that any discovery of information regarding potential plaintiffs be limited to their names, last known addresses, and

dates and locations of employment.  Job titles, telephone numbers, and e-mail addresses should be excluded because Ouellette has not shown a need for this information.  *See id.* at *7.

## V.     CONCLUSION

At this stage of the proceedings, Ouellette's burden is "fairly lenient," but her pleadings and information submitted in support of her Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs cannot satisfy even this minimal standard.  There is no evidence of a widespread discriminatory plan maintained by Ameridial and Ouellette fails to identify any potential plaintiffs or submit their affidavits. Further, Ouellette submits evidence in support of her motion that may only be considered during the merit stage of the proceedings.   For these reasons, Ameridial respectfully asks that Ouellette's motion be denied.

Alternatively, if the Court grants Ouellette's motion, Ameridial requests that the Court apply a two-year statute of limitations, include certain additional information in the Notice, reduce the opt-in period from 60 to 45 days, and exclude certain information from Ouellette's discovery request.

*/s/ Scott M. Zurakowski*
Scott M. Zurakowski (0069040),
David E. Butz (0039363), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
szurakowski@kwgd.com; dbutz@kwgd.com
ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2016, a copy of the foregoing Memorandum in Opposition to Plaintiff's Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

<u>/s/ Scott M. Zurakowski</u>
Scott M. Zurakowski (0069040),
David E. Butz (0039363), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
ATTORNEYS FOR DEFENDANT