# EXHIBIT 1

## AGREEMENT OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, this Agreement of Settlement and Release is entered into by and between Plaintiffs Sandra Ouellette, Mary Stovall, and Jeannine Mazziotta and Defendant Ameridial, Inc., on this ___ day of _____, 2018.

## DEFINITIONS

1.      "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Sandra Ouellette, et al. v. Ameridial, Inc.*, U.S. District Court, Northern District of Ohio, Case No. 5:16-cv-2144.

2.      "Settlement Agreement" shall mean this Agreement of Settlement and Release.

3.      "Settlement" shall mean the settlement of the Action under the terms and conditions set forth in the Settlement Agreement.

4.      "Plaintiffs," unless otherwise specified, shall mean Sandra Ouellette, Mary Stovall, and Jeannine Mazziotta.

5.      "Opt-Ins" means the persons who joined this case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), by signing and returning a Consent Form and Release ("Consent Form") as provided by an earlier order of this Court, except for Jeannine Mazziotta.

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

6.      "Plaintiffs' Counsel" shall mean Nicholas Conlon and Jason Brown of JTB Law Group, LLC; Robert DeRose and Robi Baishnab of Barken Meizlish Handelman Goodin DeRose Wentz, LLP; and Kevin Stoops of Summers Schwartz P.C.

7.      "Defendant" and "Ameridial" shall mean Ameridial, Inc. and all of its current and former owners, officers, directors, employees, agents, attorneys, predecessors, successors, subsidiaries, and related and affiliated entities in their individual and official capacities.

8.      "Parties" shall mean the Plaintiffs and Defendant, as defined herein.

9.      "Released Period" shall mean the period August 26, 2014, to the date of the Court's Final Order and Judgment approving the Settlement.

10.     "Effective Date" shall mean the date of the Court's Final Order and Judgment approving the Settlement.

## RECITALS

11.     The Settlement resolves bona fide disputes involving wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

12.     Plaintiffs filed their Class and Collective Action Complaint against Defendant on August 26, 2016, and filed an Amended Complaint on October 2, 2017.   Plaintiffs alleged that Ameridial allowed and/or required

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

employees to work off the clock, failed to properly calculate employees' hourly rate for the purpose of overtime, failed to properly calculate overtime pay relating to bonuses, failed to properly pay all wages owed to employees, and retaliated against Plaintiff Mazziotta in violation of the FLSA and state law. Defendants denied and continue to deny all of Plaintiffs' claims and have asserted defenses and Affirmative Defenses to Plaintiffs' claims.

13.     The parties engaged in extensive discovery followed by prolonged and difficult negotiations through which this Settlement was achieved.

14.     Wherefore, subject to approval by the Court, the Parties have reached a binding agreement to settle the FSLA claims raised in the Action upon the terms and conditions set forth herein.

15.     Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims specified herein, except with respect to enforcement of this Agreement, as follows:

**APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION**

16.     <u>Cooperation</u>:  The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval by the Court of the Settlement, to effectuate its terms, and cause all claims relating to the Fair Labor

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

Standards Act and Retaliation to be dismissed with prejudice and all other claims be dismissed without prejudice.

17. <u>Fair, Adequate, and Reasonable</u>:  The Parties agree that the Settlement is fair, adequate, and reasonable for all parties and participants and will so represent to the Court.

18. <u>Joint Motion for Approval of Settlement</u>:  Within fourteen (14) days, the Parties will file a Joint Motion for final approval of the Settlement, attached to which will be a proposed Final Order and Judgment dismissing the Action with prejudice as to all named Plaintiffs and Opt-Ins, and dismissal without prejudice as to the Rule 23 Class.

## SETTLEMENT PAYMENTS

19. <u>Total Settlement Amount</u>:  Defendant will pay the Total Settlement Amount of One Hundred Ninety-Four Thousand Three Hundred Thirty-Nine Dollars 21/100 ($194,339.21).  In the event the Court does not approve this Settlement due to the allocation of funds, the Parties agree that the Total Settlement Amount will remain the same, and the Plaintiffs will re-allocate the Settlement Amount among attorney's fees and expenses, and payments to the Opt-Ins in a manner that will achieve approval of the Court.  Under no circumstances shall Defendant be responsible to pay more than $195,089.21 pursuant to this Settlement Agreement.

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

20.     Payments to Opt-Ins.   The Total Settlement Amount, after deduction of Service Awards, Attorneys' Fees and Cost will be the Net Proceeds of the Settlement.  The Net Proceeds of the Settlement will be made available to the Plaintiffs and Opt-Ins in individual settlement payments as provided below.

21.     Plaintiffs' Service Awards.   From the Total Settlement Amount, Plaintiff Sandra Ouellette will receive $1,500.00 as a service award and Mary Stovall will receive $1,000.00 as a service award in recognition of their assistance to Plaintiffs' counsel and their other contributions in achieving the settlement on behalf of all Opt-Ins.  Sandra Ouellette and Mary Stovall will also participate as an Opt-In in the payment of Net Proceeds.  While Mazziotta is a Plaintiff, she does not receive funds from the Total Settlement Amount as, the Parties agree and acknowledge that Mazziotta is not a member of the Collective Class as defined by the Court in this matter.  However, as consideration for this Settlement , and as a condition of this Settlement, Mazziotta has agreed to and has received consideration in a Separate Settlement Agreement in which she fully settles and releases her claims under The Fair Labor Standards Act and her retaliation claim and any other claims she had or could have brought against Defendants through the effective date of this Agreement.

22.     Attorneys' Fees and Cost Reimbursements.   From the Total Settlement Amount, Plaintiffs' Counsel will receive attorneys' fees in the amount of Sixty-Nine Thousand Five Hundred Fifty-Seven Dollars and 72/100

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

($69,557.72), plus reimbursement of litigation costs of Eleven Thousand Nine Hundred Eighty-One Dollars and 65/100 ($11,981.65), and, if the Court schedules an in-person hearing regarding approval of the Settlement, Defendant shall pay Plaintiffs' counsel an additional amount for reimbursement of its airfare, hotel and ground travel expenses incurred in attending such hearing, not to exceed Seven Hundred and Fifty 0/100 ($750.00).

23.     Tax Treatment of Settlement Payments:  One-half of the Collective Payments made to Plaintiffs and Opt-Ins will be treated as wage payments subject to deduction of the employee share of applicable taxes and withholdings required by federal, state, and local law, and reported to the appropriate taxing authorities on Forms W-2, and one-half as non-wage income ("liquidated damages") and reported to the appropriate taxing authorities on Forms 1099. Defendant will be responsible for the employer share of FICA taxes and other employer taxes, which shall not be paid from the Net Proceeds of the Settlement. Plaintiffs' Service Awards as well as the Attorneys' Fees to Plaintiffs' Counsel will be considered non-wage income and reported to the appropriate taxing authorities on Forms 1099.  Plaintiffs acknowledge that they have received no opinion or advice from Defendant with respect to the taxability, if any, of the payment made to them or their counsel.

24.     Plaintiffs have informed themselves of the terms, contents, conditions and effects of this Settlement Agreement.    Plaintiffs further

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

acknowledge that: (i) they have been advised to consult with an attorney prior to executing this Settlement Agreement; (ii) they have received no opinion or advice from Defendant or its attorneys with respect to the advisability of accepting or rejecting the settlement offer set forth in this Settlement Agreement; (iii) they are over the age of eighteen (18) years, of sound mind and otherwise competent to execute this Settlement Agreement; and (iv) they are entering into this Settlement Agreement knowingly and voluntarily and without any undue influence or pressures.

## SETTLEMENT ADMINISTRATION

25.     The Settlement will be administered by the Parties.

26.     Plaintiffs' counsel shall file, as an exhibit to the Joint Motion for Approval of Settlement, a list of all Opt-Ins and the pro-rata share to be paid to each Opt-In as determined by Plaintiff, based on the relative number of weeks worked by the Opt-In.

27.     No later than thirty (30) days from the Court's Approval of Settlement, Ameridial shall issue two checks to each Opt-In, one for the wage portion of the amount (W-2) and one for the liquidated damage portion of the amount (1099) identified on the list submitted by Plaintiffs' counsel, and Ameridial shall cause such checks to be mailed by ordinary United States mail to the address of each Opt-In as provided by Plaintiffs' counsel.  Each check will indicate that it is void after One Hundred Eighty (180) days.

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

28.     No later than thirty (30) days from the Court's Approval of Settlement, Ameridial shall issue a check payable to JTB Law Group, LLC for attorneys' fees and reimbursement of cost reimbursements as provided in Section 22, and cause such check to be mailed via a non-USPS courier with a tracking number, to the offices of JTB Law Group, LLC.

29.     In the event that Defendant fails to make the settlement payment in a timely manner pursuant to Sections 27 and/or 28, Plaintiffs shall provide notice of the default by email and mail to counsel for the Defendant: Scott M. Zurakowski, Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., 4775 Munson Street, N.W./P.O. Box 36963, Canton, Ohio 44735-6963, szurakowski@kwgd.com. If the Defendant fails to cure the default within thirty (30) business days from the date of receipt of such notice, then Defendant consents to judgment being entered against for all unpaid amounts, plus attorneys' fees and costs reasonably incurred by Plaintiffs' counsel in enforcing the default.

30.     <u>Undeliverable Mail</u>.  If Ameridial receives a return of any checks mailed as undeliverable, Ameridial will notify counsel for Plaintiff, and counsel for Plaintiff will have thirty (30) days to provide an updated mailing address to Ameridial.  The funds from any checks that remain undelivered or uncashed after One Hundred Eighty (180) days from date of original mailing, shall revert to Ameridial.

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

**RELEASE OF CLAIMS**

31.    Claims Released by Settling Parties:  Plaintiffs, Opt-Ins (collectively, "Settling Parties" and each, a "Settling Party"), and each of their predecessors, successors, heirs, and assigns, and all other legal representatives, shall release and dismiss with prejudice all claims against Defendant described below and grant the Defendant the broadest covenant not to sue allowed by law, which shall release, and unconditionally, and forever bar Settling Parties from bringing, prosecuting, participating in, and or recovering for any claims, known or unknown, accrued or unaccrued, present or future, whether claims are based in statute, contract, or tort, which were brought or could have been brought against Defendant as of the Effective Date and which did arise, in whole or in part, or relate in any way, to the subject matter of, or the conduct, acts, omissions, transactions, events, policies, disclosures, statements, occurrences, or causes of action, alleged in the Complaints or Amended Complaints filed in this Action, including without limitation, claims regarding or for unpaid wages, unpaid overtime compensation, unpaid commissions, breach of contract, liquidated damages, interest, attorneys' fees and expenses, whether under federal, state, or local laws, or common law.

A.    Release of Attorneys' Fees and Expenses:  Plaintiffs and Plaintiffs' Counsel agree the payment of attorneys' fees and expenses to Plaintiffs' Counsel pursuant to this Settlement includes,

01911124-2 / 28082.00-0001                              9

satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Action.  In consideration of such payment of attorneys' fees and expenses, Plaintiffs' Counsel release and waive any and all claims to any additional attorneys' fees and expenses in connection with the Action or Settlement, except for any attorneys' fees reasonably incurred to enforce the provisions of the Settlement.

32.     The releases herein shall become effective on the Effective Date.

33.     Each of the Plaintiffs represents and warrants to Defendant that she has not assigned or conveyed, in whole or in part, to any other person or entity any claim, or part thereof, which such Plaintiff has or had against a released party or which is released in this Settlement Agreement, and that she owns the claims released in this Settlement Agreement and has the authority to execute this Settlement Agreement and grant the releases herein.

## NON-DISPARAGEMENT

34.     Plaintiffs Sandra Ouellette, Mary Stovall and Jeannine Mazziotta agree not to make any disparaging, non-truthful statements concerning Defendant, Defendant's current or former members, owners, managers, officers, directors, employees, attorneys, agents, or contracting parties, or its business operations.  This non-disparagement clause shall not in any way prevent

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

Plaintiffs from disclosing any information in response to a lawful subpoena or court order requiring disclosure of information.

## NO ADMISSION

35.     Nothing in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability.  The Parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

36.      The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

37.     The captions of this Settlement Agreement are solely for reference and have no legal effect whatsoever and will not in any way affect the interpretation or construction of this Settlement Agreement.

38.     In the event that an individual provision of this Settlement Agreement is found to be legally unenforceable, such provision shall be severed from the contract, leaving the remainder intact and binding on all Parties.

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

## MODIFICATION

39.     This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court. However, if the Court does not approve this Settlement Agreement, Plaintiffs may modify the allocation of the Total Settlement Amount in this Settlement to gain Court approval.

## INTEGRATION CLAUSE

40.     This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of the Action, are merged into this Settlement Agreement, with the exception of any Non-Competition and Non-Disclosure Agreements, and the separate Settlement Agreement with Jeannine Mazziotta.     No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist.  No rights under this Settlement Agreement may be waived except in writing signed by the Parties.

41.     Except as otherwise expressly provided herein, no waiver or purported waiver by any Party of any breach by the other Party of its obligations, representations, warranties, covenants or other agreements under this Settlement Agreement will be effective unless made in writing by such Party.

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

No failure by a Party to pursue or elect any remedy with respect to any default under, or breach of, any provision of this Settlement Agreement by the other Party will be deemed to be a waiver of any subsequent, similar or different default or breach by such other Party.

## COUNTERPARTS

42.     This Settlement Agreement may be executed in counterparts, including, without limitation, by facsimile transmission or by transmission of a PDF or other similar file via e-mail.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, including, without limitation, those sent by facsimile transmission or by transmission of a PDF or other similar file via e-mail, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## JURISDICTION

43.     The parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Ohio.

Doc ID: 990286adaa00dde5d56ee04fa577a0c8c10b9e18

IN WITNESS WHEREOF, the parties have signed this Agreement on the dates set forth with their signatures.

**BY PLAINTIFFS:**

03/09/2018
_____
Date

_____
SANDRA QUELLETTE

03/12/2018
_____
Date

_____
MARY STOVALL

03/12/2018
_____
Date

_____
JEANNINE MAZZIOTTA


/s Jason Brown_____
Jason Brown (OH Bar No. 35921996)
Nicholas Conlon (*pro hac vice*)
JTB LAW GROUP, L.L.C.
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone:  (201) 630-0000
E-mail:  jtb@jtblawgroup.com,
nicholasconlon@jtblawgroupo.com



 /s Robert DeRose_____
Robert DeRose ( OH Bar No. 0055214)
Robi J. Baishnab (OH Bar No. 0086195)
Barken Meizlish Handelman Goodin
  DeRose Wentz, LLP
250 East Broad Street
Columbus, Ohio 43215
Phone:  (614) 221-4221
E-mail:  bderose@barkanmeizlish.com,
rbaishnab@barkanmeizlish.com

01911124-2 / 28082.00-0001                    14

/s Kevin Stoops

Kevin Stoops (*pro hac vice*)
Summers Schwartz P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone:  (248) 355-0300
E-mail:  kstoops@sommerspc.com

Counsel for Plaintiffs

**BY DEFENDANT:**

AMERIDIAL, INC.

By:

PRINTED NAME

Scott M. Zurakowski (0069040)
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W.
Canton, Ohio  44735-6963
Phone:  (330) 497-0700
Fax:  (330) 497-4020
szurakowski@kwgd.com

Attorneys for Ameridial, Inc.
Counsel for Defendant

3/15/18
Date